UNITED STATES BANKRUPTCY COURT
for the
DISTRICT OF MASSACHUSETTS

=======================================
\*
In Re:                                                                  \*
    JAMES O. HALLET,                          \*  Chapter 7
                                                           \*  No. 04-12307-WCH
                                            Debtor           \*
                                                                    \*
=======================================
                                                                    \*
    HOLLY A. REICH,                              \*  Adversary Proc.
                                          Plaintiff           \*  No. 10-01145
                                                                    \*
                      vs.                                 \*
                                                                      \*
    JAMES O. HALLET,                             \*
                                                                      \*
                                        Defendant        \*
                                                                    \*
=======================================

DECISION ON MOTION TO ABSTAIN

On May 21, 2010, Holly A. Reich ("Plaintiff") filed this adversary proceeding (the "Adversary Proceeding") against James O. Hallet ("Debtor"). In her complaint she seeks to have certain claims against Debtor held to be nondischargeable under several provisions of Section 523(a) of the Bankruptcy Code. Debtor responded with an answer, affirmative defenses and counterclaims.[1] Plaintiff answered the counterclaims,[2] and

---

[1] Adversary Proceeding, Docket No. 7.

[2] *Id.*, Docket No. 15.

1

subsequently moved for abstention with respect to the counterclaims,[3] which was opposed by Debtor.[4] I took the motion for abstention.

Plaintiff asks that I abstain "in order to permit the Florida Domestic Relations Court (the "Probate Court") to decide whether [her] entitlement to certain retirement funds in the name of Debtor/Defendant James O. Hallet ("Hallet") is a property interest or a domestic support obligation."[5] I decline to do so for a variety of reasons.

First of all, Plaintiff obtained the relief she seeks in a prior motion in the main case when I granted, without opposition by Debtor, her "Former-Spouse's Emergency Motion for Relief from Stay, Motion to Recognize and Give Full Force and Effect to Florida's Divorce Judgment and Order, or in the Alternative Order that Relief is Not Necessary."[6] The order entered on that motion provided that

> 1. The reopening of the Debtor's Chapter 7 case did not create a stay against [Plaintiff's] actions in attempting to exercise and enforce the DRO issued by the Circuit Court on January 12, 2004, the Consent Order dated October 7, 1998, and the Final Judgment issued on May 9, 2003, regarding [Plaintiff's] ½ interest, plus $98,192.45 plus interest in the Debtor's ½ interest in his contingent interest in the PGA Tour Deferred Compensation Player Retirement Plan.
>
> 2. [Plaintiff] is granted Relief from the Automatic Stay imposed pursuant to 11 USC 362(a) to exercise and enforce the DRO issued [as aforesaid].
>
> 3. The automatic stay presently in effect is hereby modified and/or lifted so

---

[3] *Id.*, Docket No. 33. "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

[4] *Id.*, Docket No. 39.

[5] *Id.*, Docket No. 33, p. 1.

[6] Main Case, Docket No. 20.

2

that the Circuit Court in the divorce proceedings between the Debtor and [Plaintiff], may complete its adjudication of the matter, including without limit (*sic*) the transfer of the Debtor's contingent interest in the PGA Tour Deferred Compensation Player Retirement Plan to the extent it has not already been accomplished and for the enforcement of the transfer.

4. [Plaintiff's] actions in attempting to exercise and enforce the DRO issued by the Circuit Court on January 12, 2004, the Consent Order dated October 7, 1998, and the Final Judgment issued on May 9, 2003, was not in violation of the Debtor's discharge.

5. The claim that [Plaintiff] holds against the Debtor for $98,192.45 is a claim that is potentially non-dischargeable pursuant to 11 U.S.C. Sec. 523(4),(6) and/or (15) (*sic*), and the Court issues [Plaintiff] a new deadline in which to object to the dischargeability of the debt owed by Debtor of May 21, 2010.

6. The fourteen day stay of relief, pursuant to Federal Bankruptcy Rule 4001(a)(3), is waived.[7]

Secondly, as I pointed out in my Decision of Motions for Summary Judgment, entered earlier today, the answer to that question is irrelevant to the issues before me.[8]

The motion for abstention is DENIED.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: July 20, 2011

COUNSEL APPEARING
    David B. Madoff, Steffani M. Pelton, Madoff & Khoury LLP,
      Foxborough MA, for Plaintiff
    Lois M. Farmer, Gerald S. Garnick, Garnick & Scudder P.C.,
      Hyannis MA, for Debtor

---

[7] Main Case, Docket No. 26.

[8] *See* Decision on Motions for Summary Judgment p. 12-13